# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **BERKLEY NATIONAL INSURANCE COMPANY** | § § § § | |
| *Plaintiff* | § § | **CIVIL ACTION NO. 1:26-CV-00090** |
| V. | § § | |
| **BH ENERGY SERVICES, LLC** | § § | |
| *Defendant* | § | |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Berkley National Insurance Company ("Berkley"), by and through its undersigned counsel, and files this Complaint for Declaratory Judgment against Defendant BH Energy Services, LLC (collectively, "BH Energy"), and respectfully shows unto the Court as follows:

### I.   NATURE OF THE SUIT

1. This is a declaratory judgment action arising out of the lawsuit styled *Gly-Tech Services, Inc. v. BH Energy Services, LLC, et al.*, Civil Action No. 2:25-cv-02238, pending in the United States District Court for the Eastern District of Louisiana (the "*Gly-Tech* Suit"). In the *Gly-Tech* Suit, Gly-Tech Services, Inc. asserts claims against BH Energy Services, LLC and other defendants arising out of alleged misappropriation of trade secrets, confidential business information, and related conduct. Berkley National Insurance Company seeks a declaration of its rights and obligations pursuant to Commercial General Liability Policy No. EGL002828016 and Commercial Umbrella Policy No. EUL002828116 issued to its insured, with respect to the allegations asserted against BH Energy Services, LLC in the *Gly-Tech* Suit. Specifically, Berkley seeks a declaration that it has no duty to defend or indemnify BH Energy Services, LLC in

connection with the claims asserted in the *Gly-Tech* Suit.

## II.   PARTIES

2.     Plaintiff Berkley National Insurance Company is an insurance carrier organized under the laws of Iowa, with its principal place of business at 11201 Douglas Avenue, Urbandale, Iowa 50322. Therefore, Berkley is a citizen of Iowa.

3.     Defendant BH Energy Services, LLC ("BH Energy") is a Texas limited liability company with its principal place of business in Kilgore, Texas.  Upon information and belief, BH Energy Services, LLC has a single member, Brian Hancock.  Upon information and belief, Brian Hancock is a United States citizen and is domiciled in Tyler, Texas.  Therefore, BH Energy is a citizen of Texas.

4.     BH Energy may be served with process at its principal place of business, located at 502 Cargill Road, Kilgore, Texas 75662.

5.     Upon information and belief, BH Energy Services, LLC may be served with process through its registered agent for service of process in the State of Texas, or at its principal place of business: 502 Cargill Road, Kilgore, Texas 75662.

## III.   JURISDICTION & VENUE

6.     This Court has personal jurisdiction over Defendant BH Energy Services, LLC because BH Energy maintains its principal place of business in Kilgore, Texas, within this District, and conducts substantial and continuous business activities within the State of Texas.

7.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of Iowa, Defendant BH Energy Services, LLC is a citizen of Texas, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2) because Defendant BH Energy Services, LLC maintains its principal place of business in Kilgore, Texas, within this District, and is therefore subject to personal jurisdiction and deemed to reside in this District for purposes of venue.

## IV.   FACTUAL BACKGROUND

### A.   The Policies

9. Berkley incorporates the preceding paragraphs of this Complaint by reference.

10. Berkley National Insurance Company issued Commercial General Liability Policy No. EGL002828016 (the "CGL Policy") and Commercial Umbrella Policy No. EUL002828116 (the "Umbrella Policy") to Riddle's Dehi & Chemical Service Co., LLC for the policy period July 1, 2024 to July 1, 2025 (collectively, the "Policies").

11. The Umbrella Policy follows form to the CGL Policy.

12. True and correct copies of the CGL Policy and Umbrella Policy are attached hereto as **Exhibits A and B**, respectively.

13. The Policies identify "BH Energy Services" as a Named Insured.

14. The CGL Policy provides, in relevant part, under Coverage A – Bodily Injury and Property Damage Liability:

> **WE** will pay the amounts that an **INSURED** becomes legally obligated to pay as damages **A. Bodily Injury and Property Damage Liability**
>
> **WE** will pay the amounts that an **INSURED** becomes legally obligated to pay as damages because of **BODILY INJURY** or **PROPERTY DAMAGE** caused by an **OCCURRENCE** to which this policy applies.

15. The CGL Policy further provides, under Coverage C – Personal and Advertising Injury Liability:

**WE** will pay the amounts that an **INSURED** becomes legally obligated to pay as damages because of a **PERSONAL AND ADVERTISING INJURY** caused by an offense to which this policy applies.

16. The CGL Policy applies to Bodily Injury and Property Damage Liability only if:
    1. The **BODILY INJURY** or **PROPERTY DAMAGE** is caused by an **OCCURRENCE** that takes place in the Coverage Territory described in Section IV. Coverage Territory during the policy period;

17. The CGL Policy defines "BODILY INJURY" to mean "physical injury, sickness, or disease sustained by a person, including death resulting from any of these at any time. **BODILY INJURY** includes mental anguish or other mental injury to that person sustaining physical injury."

18. The CGL Policy defines "PROPERTY DAMAGE" to mean: a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the **OCCURRENCE** that caused it.

19. The CGL Policy defines "OCCURRENCE" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

20. The CGL Policy defines "PERSONAL AND ADVERTISING INJURY" as injury, including consequential **BODILY INJURY**, arising out of one or more of the following offenses:

    a. False arrest, detention, or imprisonment;
    b. Malicious prosecution;
    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling, or premises that a person occupies, committed by or on behalf of its owner, landlord, or lessor;
    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services;
    e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
    f. The use of another's advertising idea in **YOUR ADVERTISEMENT**; or

    **g.** Infringing upon another's copyright, trade dress, or slogan in **YOUR ADVERTISEMENT**.

21. The CGL Policy contains the following exclusion for Bodily Injury and Property Damage Liability:

> **B.** **Bodily Injury and Property Damage Liability Exclusions:**
>
> In addition to those Exclusions listed above in Section VII.A., the following Exclusions may apply to Section II.C. Personal and Advertising Injury Liability;
>
> This policy does not apply to:
>
> **9. Expected or Intended Injury**:
>
> **BODILY INJURY** or **PROPERTY DAMAGE** expected or intended from the standpoint of the **INSURED**.
>
> This Exclusion does not apply to **BODILY INJURY** or **PROPERTY DAMAGE** resulting from the use of reasonable force to protect persons or tangible property.

22. The CGL Policy contains the following exclusion for Personal and Advertising Injury Liability:

> **D.** **Personal and Advertising Injury Liability Exclusions**
>
> In addition to those Exclusions listed above in Section VII.A., the following Exclusions may apply to Section II.C. Personal and Advertising Injury Liability;
>
> This policy does not apply to:
>
> **5. Infringement of Copyright, Patent, Trademark or Trade Secret:**
>
> **PERSONAL AND ADVERTISING INJURY** arising out of the Infringement of Copyright, Patent, Trademark, Trade Secret, or other intellectual property rights. Under this Exclusion, such other intellectual property rights do not include the use of another's advertising idea in **YOUR ADVERTISEMENT**.

23. The CGL Policy further contains the following exclusion:

> **7. <u>Knowing Violation of Rights of Another:</u>**
>
> **PERSONAL AND ADVERTISING INJURY** caused by or at the direction of the **INSURED** with the knowledge that the act would violate the rights of another and would inflict **PERSONAL AND ADVERTISING INJURY**.

24. The CGL Policy further contains the following Cyber Exclusion:

**Cyber Exclusion**

\*\*\*

**A.** Section VII. Exclusions, Subsection B. Bodily Injury and Property Damage Liability Exclusions, Paragraph 7. Disclosure of or Access to Confidential or Personal Information and Data-Related Liability, and Subsection D. Personal and Advertising Injury Liability Exclusions, Paragraph 15., Disclosure of or Access to Confidential or Personal Information, are deleted in their entirety. The following is added to Section VII. Exclusions, Subsection A. Bodily Injury, Property Damage, Pollution Clean Up Costs, and Personal and Advertising Injury Exclusions:

This insurance does not apply to:

**<u>Cyber Incident:</u>**

Loss, cost, or expense, either directly or indirectly because of, caused by, or arising out of:

1. Any:

   a. Unauthorized access to, acquisition, use, collection, copying, processing, storage, dissemination, publication, or disclosure of;
   b. Theft, alteration, misuse, loss, misappropriation, disruption of, or damage to; or
   c. Failure to provide access to, remove, rectify, destroy, protect, or secure, including, but not limited to, failure to encrypt; any person's or organization's CONFIDENTIAL INFORMATION, whether it is ELECTRONIC DATA or in any other form or media.

2. The loss of, loss of use of, corruption or impairment of, damage to, disruption or destruction of, or inability to access, alter, or manipulate ELECTRONIC DATA.
3. Any of the following:

   a. Denial of service attack on;

      b. Misappropriation, diversion, loss or misuse of; or

      c. Denial of access to or service of, interruption of service, degradation, loss of use, alteration, failure, destruction, corruption, or impairment of; any COMPUTER SYSTEM, including any INSURED's or other person's or organization's COMPUTER SYSTEM.

   \*\*\*

**C.** The following are added to Section IX. Definitions:

  **1. COMPUTER SYSTEM** means:

    **a.** Any computer hardware, including but not limited to:

      **(1)** Computers;
      **(2)** Transportable, mobile, or handheld devices;
      **(3)** Data storage and data processing devices;
      **(4)** Networking equipment and backup facilities, including cloud computing devices and facilities;
      **(5)** Associated input and output devices (including, but not limited to, wireless and mobile devices);
      **(6)** Any related peripheral components; or
      **(7)** Communication networks, connected to or used in connection with such computers, equipment, facilities, or devices.

    **b.** Firmware and electronic instructions that direct the operation and function of a computer or devices connected to it, which enables the computer or devices to receive, process, store, or send **ELECTRONIC DATA.**

  **2. CONFIDENTIAL INFORMATION** means nonpublic information, confidential information, personal information or personal data, including, but not limited to:

    **a.** Non-public information about a person that allows such person to be uniquely and reliably identified or allows access to the person's financial account or medical records information.
    **b.** Patents, trade secrets, processing methods, customer, or customer-related information (including, but not limited to, customer lists); or
    **c.** Business plans or records, financial information, personally identifiable information, credit or payment card information (including, but not limited to, credit, debit or stored value cards), medical or health information, or any type or combination of types of the foregoing.

  **3. ELECTRONIC DATA** means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes,

7

drives, cells, data processing devices, or any other media which are used with electronically controlled equipment.

25. The Umbrella Policy provides Excess Follow Form Liability Insurance (Coverage A) that is not triggered in the absence of coverage under the underlying CGL Policy.

26. The Umbrella Policy also provides Umbrella Liability Coverage (Coverage B) that, similar to the CGL Policy, provides coverage for "bodily injury", "property damage" or "personal and advertising injury" as defined.

27. The Umbrella Policy also independently excludes coverage as follows:

> **C. Coverage B - Umbrella Liability Insurance Exclusions**
>
> The following Exclusions apply to Section I.B. Coverage B - Umbrella Liability Insurance:
>
> This policy does not apply to:
>
> **12. Expected or Intended Injury**
>
> **BODILY INJURY** or **PROPERTY DAMAGE** expected or intended from the standpoint of the **INSURED**.
>
> \*\*\*
>
> **14. Infringement of Copyright, Patent, Trademark, or Trade Secret:**
>
> **PERSONAL AND ADVERTISING INJURY** arising out of the Infringement of Copyright, Patent, Trademark, Trade Secret, or other intellectual property rights.
>
> \*\*\*
>
> **16. Knowing Violation of Rights of Another**
>
> **PERSONAL AND ADVERTISING INJURY** caused by or at the direction of the **INSURED** with the knowledge that the act would violate the rights of another and would inflict **PERSONAL AND ADVERTISING INJURY**.

28. The Umbrella Policy further contains a Cyber Exclusion endorsement which provides as follows:

**Cyber Exclusion**

\*\*\*

A. Section VII. Exclusions, Subsection B. Bodily Injury and Property Damage Liability Exclusions, Paragraph 7. Disclosure of or Access to Confidential or Personal Information and Data-Related Liability, and Subsection D. Personal and Advertising Injury Liability Exclusions, Paragraph 15., Disclosure of or Access to Confidential or Personal Information, are deleted in their entirety. The following is added to Section VII. Exclusions, Subsection A. Bodily Injury, Property Damage, Pollution Clean Up Costs, and Personal and Advertising Injury Exclusions:

This insurance does not apply to:

**Cyber Incident:**

Loss, cost, or expense, either directly or indirectly because of, caused by, or arising out of:

2. Any:

   a. Unauthorized access to, acquisition, use, collection, copying, processing, storage, dissemination, publication, or disclosure of;
   b. Theft, alteration, misuse, loss, misappropriation, disruption of, or damage to; or
   c. Failure to provide access to, remove, rectify, destroy, protect, or secure, including, but not limited to, failure to encrypt; any person's or organization's CONFIDENTIAL INFORMATION, whether it is ELECTRONIC DATA or in any other form or media.

2. The loss of, loss of use of, corruption or impairment of, damage to, disruption or destruction of, or inability to access, alter, or manipulate ELECTRONIC DATA.
3. Any of the following:

   a. Denial of service attack on;
   b. Misappropriation, diversion, loss or misuse of; or
   c. Denial of access to or service of, interruption of service, degradation, loss of use, alteration, failure, destruction, corruption, or impairment of; any COMPUTER SYSTEM, including any INSURED's or other person's or organization's COMPUTER SYSTEM.

   \*\*\*

    **C.** The following are added to Section IX. Definitions:

        **3. COMPUTER SYSTEM** means:

            **c.** Any computer hardware, including but not limited to:

                **(1)** Computers;
                **(2)** Transportable, mobile, or handheld devices;
                **(3)** Data storage and data processing devices;
                **(4)** Networking equipment and backup facilities, including cloud computing devices and facilities;
                **(5)** Associated input and output devices (including, but not limited to, wireless and mobile devices);
                **(6)** Any related peripheral components; or
                **(7)** Communication networks, connected to or used in connection with such computers, equipment, facilities, or devices.

            **d.** Firmware and electronic instructions that direct the operation and function of a computer or devices connected to it, which enables the computer or devices to receive, process, store, or send **ELECTRONIC DATA.**

        **4. CONFIDENTIAL INFORMATION** means nonpublic information, confidential information, personal information or personal data, including, but not limited to:

            **a.** Non-public information about a person that allows such person to be uniquely and reliably identified or allows access to the person's financial account or medical records information.
            **b.** Patents, trade secrets, processing methods, customer, or customer-related information (including, but not limited to, customer lists); or
            **c.** Business plans or records, financial information, personally identifiable information, credit or payment card information (including, but not limited to, credit, debit or stored value cards), medical or health information, or any type or combination of types of the foregoing.

        **3. ELECTRONIC DATA** means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices, or any other media which are used with electronically controlled equipment.

**B.**    <u>The *Gly-Tech* Suit</u>

    29.    Berkley incorporates the preceding paragraphs of this Complaint by reference.

30. On October 31, 2025, Gly-Tech Services, Inc. ("Gly-Tech") filed a Complaint in the United States District Court for the Eastern District of Louisiana styled *Gly-Tech Services, Inc. v. BH Energy Services, LLC, et al.*, Civil Action No. 2:25-cv-02238. A true and correct copy of the Complaint in the Gly-Tech Suit is attached hereto as **Exhibit C**.

31. The *Gly-Tech* Suit was filed against BH Energy Services, LLC (also "BH Energy"), Aaron Carter, Sr., Douglas Daigle, Ryan J. Sampey, and Michael Sinagra.

32. The *Gly-Tech* Suit alleges that former Gly-Tech employees stole Gly-Tech's trade secrets and proprietary business information and that BH Energy sought to bypass the time and investment required to develop its own business strategies by acquiring Gly-Tech's information.

33. The Complaint alleges that, immediately prior to their departure or termination, the Individual Defendants accessed Gly-Tech's password-protected computers and downloaded proprietary documents, including training course materials, customer contacts, pricing, and other confidential information.

34. The Complaint further alleges that certain Individual Defendants transferred sensitive information to personal email accounts and to individuals working for BH Energy.

35. The *Gly-Tech* Suit alleges that BH Energy is a direct competitor of Gly-Tech and further that BH Energy hired Gly-Tech's former employees and used Gly-Tech's confidential and trade secret information to compete directly with Gly-Tech.

36. Gly-Tech asserts claims in the *Gly-Tech* Suit for misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836; violations of the Louisiana Trade Secrets Act; violations of the Louisiana Unfair Trade Practices and Consumer Protection Act; violations of the Computer Fraud and Abuse Act; breach of fiduciary duty; unjust enrichment; civil conspiracy; and breach of contract.

37. The *Gly-Tech* Suit seeks compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief as the Court deems just and proper.

C. **BH Energy's Tender and Berkley's Coverage Determination**

38. Berkley incorporates the preceding paragraphs of this Complaint by reference.

39. On or about 11/24/25 BH Energy Services, LLC provided notice to Berkley of the *Gly-Tech* Suit which names BH Energy Services, LLC as a defendant.

40. By letter dated [2/28/26], Berkley issued a written coverage determination disclaiming any obligation to defend or indemnify BH Energy in connection with the *Gly-Tech* Suit.

41. In its response to BH Energy's tender, Berkley advised that it had reviewed the *Gly-Tech* Suit and the Policies and "respectfully disclaims any obligation to defend or indemnify BH Energy in this matter because the allegations do not trigger any of the policy's insuring agreements."

42. Berkley further advised that, with respect to Coverage A of the Commercial General Liability Policy, the Gly-Tech Suit does not allege "bodily injury" caused by an "occurrence," as those terms are defined in the Policy.

43. Berkley further advised that, with respect to Coverage A under the Commercial General Liability Policy, the *Gly-Tech* Suit does not allege "physical injury to tangible property" or "loss of use of tangible property," and does not allege an "occurrence," because the allegations concern intentional and willful conduct.

44. Berkley further advised that the allegations in the *Gly-Tech* Suit do not qualify as "personal and advertising injury" under the Policies and that the Policies expressly exclude "personal and advertising injury" arising out of infringement of trade secret or other intellectual

property rights.

45. Berkley further advised that, because there is no coverage under the underlying Commercial General Liability Policy, there is likewise no coverage under the Umbrella Policy, and that the Umbrella Policy independently excludes coverage under various exclusions.

46. Berkley expressly reserved all rights and defenses under the Policies and at law.

47. Upon information and belief, BH Energy contends that coverage is owed under the Policies for the *Gly-Tech* Suit.

## V.     CAUSE OF ACTION - REQUEST FOR DECLARATORY JUDGMENT

48. Berkley incorporates the preceding paragraphs of this Complaint by reference.

49. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, Berkley seeks a declaration that there is no insurance coverage available under Commercial General Liability Policy No. EGL002828016 and Commercial Umbrella Policy No. EUL002828116 for the claims asserted against BH Energy Services, LLC in the *Gly-Tech* Suit.

50. Berkley seeks a declaration that it has no duty to defend or indemnify BH Energy in the *Gly-Tech* Suit under the Commercial General Liability Policy because the allegations in the *Gly-Tech* Suit do not assert damages because of "BODILY INJURY" caused by an "OCCURRENCE," as those terms are defined in the CGL Policy.

51. Berkley further seeks a declaration that it has no duty to defend or indemnify BH Energy in the *Gly-Tech* Suit under the Commercial General Liability Policy because the allegations in the *Gly-Tech* Suit do not assert damages because of "PROPERTY DAMAGE" caused by an "OCCURRENCE," as those terms are defined in the CGL Policy.

52. Berkley further seeks a declaration that the *Gly-Tech* Suit does not allege an "OCCURRENCE" because the allegations concern intentional and willful conduct and therefore

fall outside the insuring agreement of the CGL Policy.

53. Berkley seeks a declaration that there is no coverage under the CGL Policy for the *Gly-Tech* Suit because the allegations do not fall within the CGL Policy's definition of "PERSONAL AND ADVERTISING INJURY."

54. Berkley further seeks a declaration that there is no coverage under the CGL Policy for the *Gly-Tech* Suit because any injury or damage was expected or intended within the meaning of the CGL Policy.

55. Berkley further seeks a declaration that coverage is barred under the CGL Policy by virtue of the Infringement of Copyright, Patent, Trademark or Trade Secret exclusion for "PERSONAL AND ADVERTISING INJURY arising out of the Infringement of Copyright, Patent, Trademark, Trade Secret, or other intellectual property rights."

56. Berkley further seeks a declaration that coverage is barred under the CGL Policy by virtue of the Knowing Violation of Rights of Another exclusion for "PERSONAL AND ADVERTISING INJURY caused by or at the direction of the INSURED with the knowledge that the act would violate the rights of another and would inflict PERSONAL AND ADVERTISING INJURY."

57. Berkley further seeks a declaration that coverage is barred under the CGL Policy by virtue of the Cyber Exclusion endorsement, which excludes any loss, cost, or expense arising out of the unauthorized access to, acquisition, use, copying, disclosure, misappropriation, or misuse of CONFIDENTIAL INFORMATION or ELECTRONIC DATA, including any such conduct involving a COMPUTER SYSTEM.

58. Berkley seeks a declaration that there is no coverage under the Umbrella Policy because Coverage A – Excess Follow Form Liability Insurance is not implicated where there is no

coverage under the underlying CGL Policy.

59. Berkley seeks a declaration that there is no coverage under the Umbrella Policy Coverage B – Umbrella Liability Insurance because the *Gly-Tech* Suit does not allege "bodily injury", "property damage" or "personal and advertising injury" or otherwise satisfy the insuring agreement of Coverage B.

60. Berkley further seeks a declaration that coverage is independently barred by the "Expected or Intended Injury" in the Umbrella Policy.

61. Berkley further seeks a declaration that coverage is independently barred under the Umbrella Policy by virtue of the Infringement of Copyright, Patent, Trademark, or Trade Secret exclusion for "PERSONAL AND ADVERTISING INJURY arising out of the Infringement of Copyright, Patent, Trademark, Trade Secret, or other intellectual property rights."

62. Berkley further seeks a declaration that coverage is independently barred by the "Knowing Violation of Rights of Another" Exclusion in the Umbrella Policy.

63. Berkley further seeks a declaration that coverage is barred under the Umbrella Policy by virtue of the Cyber Exclusion endorsement, which excludes any loss, cost, or expense arising out of the unauthorized access to, acquisition, use, copying, disclosure, misappropriation, or misuse of CONFIDENTIAL INFORMATION or ELECTRONIC DATA, including any such conduct involving a COMPUTER SYSTEM.

64. Accordingly, Berkley seeks a declaration that it owes no duty to defend or indemnify BH Energy Services, LLC in connection with the *Gly-Tech* Suit under the Policies.

## VI. JURY DEMAND

65. Plaintiff asserts its rights under the Seventh Amendment to the United States Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues of fact, if any.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff Berkley National Insurance Company respectfully that it be granted the following relief from this Court:

1. A declaratory judgment that Berkley National Insurance Company has no duty to defend BH Energy Services, LLC in the *Gly-Tech* Suit, under Commercial General Liability Policy No. EGL002828016 or Commercial Umbrella Policy No. EUL002828116;

2. A declaratory judgment that Berkley National Insurance Company has no duty to indemnify BH Energy Services, LLC for any settlement, judgment, or other relief awarded in the *Gly-Tech* Suit under Commercial General Liability Policy No. EGL002828016 or Commercial Umbrella Policy No. EUL002828116;

3. Costs of court; and

4. All other and further relief, at law or in equity, to which Berkley may be justly entitled.

Dated:  March 10, 2026

Respectfully submitted,

*/s/ Candace A. Ourso*

Candace A. Ourso
Texas State Bar No. 24008952
Candace.Ourso@kennedyslaw.com
1500 Waugh Drive, Suite 225
Houston, Texas 77019
T:  832.753.8062
F:  832.753.8079
**ATTORNEY-IN-CHARGE FOR PLAINTIFF BERKLEY NATIONAL INSURANCE COMPANY**

**OF COUNSEL:**
**KENNEDYS CMK, LLP**